## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **INDICTMENT NO. CR 2:11-CR-007** |
| | ) | |
| **ANGEL LUIS RIVERA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S REQUEST TO CHARGE

Now comes the United States of America, by and through Edward J. Tarver, United States Attorney for the Southern District of Georgia, and files this request to charge the jury on the following subjects, as taken from the Eleventh Circuit Pattern Jury Instructions, 2010 Edition, unless otherwise noted:

| TYPE | NO. | DESCRIPTION |
|---|---|---|
| Basic | 1 | Face Page - Introduction |
| Basic | 2.1 | Duty to Follow Instructions, Presumption of Innocence **or** |
| | 2.2 | Duty to Follow Instructions, etc. (When any Defendant Does Not Testify) |
| Basic | 3 | Definition of "Reasonable Doubt" |
| Basic | 4.2 | Consideration of the Evidence, Direct and Circumstantial -- Argument of Counsel and Comment of Court |
| Basic | 5 | Credibility of Witnesses |
| Basic | 6.1 | Impeachment of Witnesses Because of Inconsistent Statements **or** |
| | 6.2 | Impeachment – Inconsistent Statement or Felony Conviction **or** |
| | 6.3 | Impeachment - Inconsistent Statement (Defendant Testifies with No Felony Conviction) |

| TYPE | NO. | DESCRIPTION |
|------|-----|-------------|
| Basic | 7 | Expert Witness |
| Special | 2.1 | Confession or Statement (Single Defendant) |
| Special | 3 | Identification Testimony |
| Special | 5 | Note taking (For inclusion in final charge when note taking has been permitted) |
| Offense | 82 | Sexual Exploitation of Children |
| Govt.'s Request | 1 | Admissibility of Identifying Information of Child Victim  (If government must prove, absent a stipulation, that actual minors are depicted in images charged) |
| Basic | 9.2 | On or About a Particular Date; Knowingly |
| Basic | 10.2 | Caution - Punishment (Single Defendant -- Multiple Counts) (Modified) |
| Basic | 11 | Duty to Deliberate |
| Basic | 12 | Verdict |

Requested jury instructions follow in complete form.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

*s/ Nancy Greenwood*
Nancy C. Greenwood
Assistant United States Attorney
Georgia Bar No. 309179

P.O. Box 2017
Augusta, GA 30903
(706) 826-4520 (phone)

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO. 1

## **FACE PAGE -- INTRODUCTION**

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.  2.1

### DUTY TO FOLLOW INSTRUCTIONS, <u>PRESUMPTION OF INNOCENCE</u>

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt.  The law presumes every defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.  2.2

**DUTY TO FOLLOW INSTRUCTIONS**
**PRESUMPTION OF INNOCENCE**
**(WHEN ANY DEFENDANT DOES NOT TESTIFY)**

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law  – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt.  The law presumes every Defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all.  A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.  3

## DEFINITION OF "REASONABLE DOUBT"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.  4.2

## CONSIDERATION OF THE EVIDENCE, DIRECT AND CIRCUMSTANTIAL; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what  matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.  5

## **CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO. 6.1

**IMPEACHMENT OF WITNESSES BECAUSE OF
<u>INCONSISTENT STATEMENTS</u>**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO. 6.2

**IMPEACHMENT OF WITNESSES BECAUSE OF
INCONSISTENT STATEMENTS OR FELONY CONVICTION**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from  the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean  a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO. 6.3

**IMPEACHMENT OF WITNESSES BECAUSE OF
INCONSISTENT STATEMENTS
(DEFENDANT WITH NO FELONY CONVICTION TESTIFIES)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO. 7

## **EXPERT WITNESS**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO. 2.1

**<u>CONFESSION OR STATEMENT OF A SINGLE DEFENDANT</u>**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.  To make these decisions, you must consider all the evidence about the statement –  including the circumstances under which it was made.

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO. 3

**<u>IDENTIFICATION TESTIMONY</u>**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth.   But even if you believe the witness is telling the truth, you must still decide how accurate the identification is.  I suggest that you ask yourself questions:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

- How much time did the witness have to observe the person?

- How close was the witness?

- Did anything affect the witness's ability to see?

- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

PATTERN JURY INSTRUCTIONS
SPECIAL JURY INSTRUCTION NO.  5

## **NOTE TAKING**

You've been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

PATTERN JURY INSTRUCTIONS
OFFENSE INSTRUCTION NO. 82

## SEXUAL EXPLOITATION OF CHILDREN
### Producing Child Pornography
### 18 U.S.C. § 2251(a)

It's a Federal crime for any person to use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, if the visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     an actual minor, that is, a real person who was less than 18 years old, was depicted;

(2)     the Defendant used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, e.g., video tape of the conduct; and

(3)     the visual depiction, (e.g., video tape) was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer;

The term "interstate or foreign commerce" means the movement of a person or property from one state to another state or from one state to another country.  The term "State" includes a State of the United States, the District of Columbia, and any

16

commonwealth, territory, or possession of the United States.  It is not necessary for the Government to prove that the Defendant knew that the materials used to produce the visual depiction had moved in interstate or foreign commerce.

The term "minor" means any person who is less than 18 years old.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by any other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

• sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

• bestiality;

• masturbation;

• sadistic or masochistic abuse; or

• lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust.  Not every exposure is a lascivious exhibition.  To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed.  Factors you may consider include:

• the overall content of the material;

•     whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

•     whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;

•     whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

•     whether the minor is partially clothed or nude;

•     whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

•     whether the depiction appears to have been designed to elicit a sexual response in the viewer.

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION</u>

**ADMISSIBILITY OF IDENTIFYING INFORMATION OF CHILD VICTIM**
**(WHEN GOVERNMENT MUST PROVE, ABSENT A STIPULATION,**
**<u>THAT ACTUAL MINORS ARE DEPICTED IN IMAGES CHARGED)</u>**

As part of the Government's case, evidence has been admitted, including images which the Government asserts depict actual minors.  It is for you to determine, based upon all the evidence before you, whether actual minors are depicted in the images.  You have heard testimony that at least one or more of the individuals depicted in the images admitted are actual minors; however, there are certain things that you did not hear testimony about and that is not in evidence.  You will note you did not hear any testimony or see any evidence which revealed the identity of the minors alleged to be portrayed in the images.  You did not hear or see a  minor's name, address, social security number, or any other nonphysical identifying information about the minors depicted.  There is a reason for this.  The law allows for the protection of the identity of children.  To that end, evidence with respect to specific identifying characteristics of the alleged minors is not admissible in this case.  You are therefore prohibited from considering, or drawing any negative inference from, the absence of evidence concerning specific identifying information in deciding whether the images depict actual minors.

*Source: 18 U.S.C. §2252A(e)*

19

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO. 9.2

## ON OR ABOUT A PARTICULAR DATE; KNOWINGLY

You'll see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't  have to prove  that the offense occurred on an exact date.  The  Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO. 10.1

**CAUTION:  PUNISHMENT**
**(SINGLE DEFENDANT, MULTIPLE COUNTS)**
**(Modified)**

Each count of the indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.  Further if you find Defendant guilty of one crime by relying on a specific image or images, you must not rely on that same image or those same images when considering Defendant's guilt on the other crimes.[1]  And your decision as to which image(s) support a verdict of guilt on each count must be unanimous.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment.  You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty.  If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

---

[1]    *United States v. Bobb,* 577 F.3d 1366 (11th Cir. 2009).

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   11

## **DUTY TO DELIBERATE**

Your verdict, whether guilty or not guilty, must be unanimous –  in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

PATTERN JURY INSTRUCTIONS
BASIC JURY INSTRUCTION NO.   12

## **VERDICT**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it,  date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible –  either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 2nd day of April, 2012.

<u>s/ Nancy C. Greenwood</u>
Nancy C. Greenwood
Assistant United States Attorney