UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT NO. CR 2:11-CR-007 |
| ) | |
| ANGEL LUIS RIVERA, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS**

The United States of America, by and through the Edward J. Tarver, the United States Attorney for the Southern District of Georgia and the undersigned Assistant United States Attorney, responds to Defendant's Motion to Dismiss as follows:

In summary, the charges in the present case are based upon Defendant Rivera's use of three minor children entrusted to his care to produce visual images on at least 11 occasions of sexual acts he performed or attempted to perform on those minor children. The evidence will show that the cameras and SD-card used to create the illegal images were manufactured outside the United States and therefore moved in foreign commerce prior to their use in Georgia. That interstate and foreign movement of the materials used to create the images provides the federal jurisdiction for the charged offenses. See e.g. 18 U.S.C. § 2251(a).

Defendant has now moved to dismiss the charged offenses arguing that the undisputed interstate movement of the camera was "incidental" and "not of sufficient economic impact" to meet the jurisdictional requirements of the Commerce Clause. [Doc. 65] That motion, however, is devoid of authority supporting said claim; and courts, including the Eleventh Circuit, have consistently held otherwise. See United States v. Smith, 459 F.3d 1276, 1284-85 (11th Cir. 2006) (easily concluding that the application of § 2251(a) to the defendant's intrastate production of child pornography is

within Congress's constitutional authority).  See also, United States v. Malloy, 568 F.3d 166 (4th Cir. 2009); United States v. Maxwell, 446 F.3d 1210 (11th Cir. 2006); United States v. Forrest, 429 F.3d 73, 78–79 (4th Cir.2005) (upholding a defendant's convictions for production and possession of child pornography which itself had never crossed state lines, but which was produced using cameras that were manufactured outside the state.)  These courts relied on the Supreme Court's reasoning and holding in Gonzales v. Raich, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005), to support their decisions.

>The Fourth Circuit in Malloy provided the following summary of authority on the matter:

>>Our sister circuits to have considered such a Commerce Clause challenge in light of Raich have similarly upheld the constitutionality of federal child pornography statutes in cases of purely intrastate possession or production. See, e.g., United States v. McCalla, 545 F.3d 750, 755 (9th Cir.2008) ("Given Congress's broad interest in preventing sexual exploitation of children, it is eminently rational that Congress would seek to regulate intrastate production of pornography even where there is no evidence that it was created for commercial purposes."); United States v. Blum, 534 F.3d 608, 609, 611 (7th Cir.2008) (holding that a conviction under § 2251(a) for the local production of child pornography does not exceed Congress's Commerce Clause authority and noting that "Congress in enacting [§ 2251] recognized the danger posed by any child pornography regardless of origin"); United States v. Sullivan, 451 F.3d 884, 890–92 (D.C.Cir.2006) (holding that the application of § 2252A to the intrastate possession of child pornography does not exceed Congress's Commerce Clause authority); United States v. Maxwell, 446 F.3d 1210, 1218 (11th Cir.2006) ("[I]t is within Congress's authority to regulate all intrastate possession of child pornography."); United States v. Chambers, 441 F.3d 438, 454–55 (6th Cir.2006) (holding that a conviction for possession of child pornography in Kentucky, where the Polaroid film which was used to produce the images was manufactured out of state, does not exceed Congress's Commerce Clause authority); United States v. Jeronimo–Bautista, 425 F.3d 1266, 1272–73 (10th Cir.2005) (holding that a conviction under § 2251(a) for local production of child pornography when the materials used to produce the contraband had traveled in interstate commerce does not exceed Congress's Commerce Clause authority).

Malloy, 568 F.3d at 179-180.

For the foregoing reason, the government opposes Defendant's motion, and asks that it be denied outright.

Respectfully submitted, this 6th day of April, 2012.

> EDWARD J. TARVER
> UNITED STATES ATTORNEY
>
> *s/ Nancy Greenwood*
>
> Nancy C. Greenwood
> Assistant United States Attorney
> Georgia Bar No. 309179

P.O. Box 2017
Augusta, GA 30903
(706) 826-4520 (phone)
(706) 724-7728 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 6th day of April, 2012.

                                                *s/ Nancy C. Greenwood*
                                                Nancy C. Greenwood
                                                Assistant United States Attorney