Minimum Mandatory  Yes
Rule 35/5K1.1   No
Appeal Waiver   Yes
Other   None

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA )
)
v. ) INDICTMENT NO. CR 2:11-CR-007
)
ANGEL LUIS RIVERA, )
)
Defendant. )

## SUMMARY OF PLEA AGREEMENT

[This summary of the plea agreement is for the convenience of the Court, and does not constitute a part of the body of the agreement itself, which follows in full hereafter.]

**DEFENSE COUNSEL:**    RICHARD O. ALLEN

**STATUTES CHARGED:**

**Counts 1-11:**    18 U.S.C. § 2251(a)
Sexual Exploitation of a Minor

**Forfeiture
Allegation:**    18 U.S.C. § 2253(a)(3)

**COUNTS PLEADING TO:**

**Counts 5, 9, 11:** 18 U.S.C. § 2251(a)
Sexual Exploitation of a Minor

**PENALTY:**

IMPRISONMENT FOR NOT LESS THAN 15 NOR MORE THAN 30 YEARS; A FINE OF UP TO $250,000, OR BOTH; A TERM OF SUPERVISED RELEASE OF 5 YEARS TO LIFE, AND A SPECIAL ASSESSMENT OF $100. (EACH COUNT)



**ELEMENTS OF OFFENSE:**

First:   An actual minor, that is, a real person who was less than 18 years old, was depicted;

Second:   The Defendant used, persuaded, induced, and enticed the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Third:   The visual depiction was ~~mailed or actually transported in interstate or foreign commerce.~~ *created using material that moved in interstate or foreign commerce.* RA al 2d

## SUMMARY OF GOVERNMENT'S PROMISES:

a.   Will dismiss the Indictment's remaining counts; however the defendant understands and agrees that the Court may consider conduct in said counts as relevant conduct for purposes of determining the defendant's sentencing range pursuant to Section 1B1.3 of the Sentencing Guidelines.

## SUMMARY OF DEFENDANT'S PROMISES:

a.   Will plead guilty to Counts 5, 9 and 11 of the Indictment;

b.   Will waive his rights to appeal the conviction and sentence as outlined in paragraph 2b, preserving certain appeal rights.

c.   Will abandon all property seized by law enforcement during the course of the investigation, including computer media.

d.   Agrees to take the necessary steps to make his U.S. Navy retirement funds available for use to pay any ordered restitution to the victims of the offenses of conviction.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  INDICTMENT NO. CR 2:11-CR-007 |
| | ) |
| ANGEL LUIS RIVERA, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

### OFFENSES CHARGED:

**Counts 1-11:**  18 U.S.C. § 2251(a)
Sexual Exploitation of a Minor

**Forfeiture
Allegation:**  18 U.S.C. § 2253(a)(3)

### COUNTS PLEADING TO:

**Counts 5, 9, 11:**  18 U.S.C. § 2251(a)
Sexual Exploitation of a Minor

#### PENALTY:

IMPRISONMENT FOR NOT LESS THAN 15 NOR MORE THAN 30 YEARS; A FINE OF UP TO $250,000, OR BOTH; A TERM OF SUPERVISED RELEASE OF 5 YEARS TO LIFE, AND A SPECIAL ASSESSMENT OF $100. (EACH COUNT)

#### ELEMENTS OF OFFENSE:

First:    An actual minor, that is, a real person who was less than 18 years old, was depicted;

Second:  The Defendant used, persuaded, induced, and enticed the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Third:    The visual depiction was created using material that moved ~~was mailed or actually transported~~ in interstate or foreign commerce.

## PLEA AGREEMENT

Nancy C. Greenwood, Assistant United States Attorney, and Richard O. Allen, attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

## GOVERNMENT OBLIGATIONS

1. Upon the defendant's entry of a plea of guilty to the offenses charged in Counts 5, 9 and 11 of the Indictment, his full compliance with all promises made hereinafter as a part of this agreement, and his adherence to all representations and understandings recited hereinafter, the attorney for the government will do the following:

a.   will dismiss the Indictment's remaining counts however; the defendant understands and agrees that the Court may consider conduct in said counts as relevant conduct for purposes of determining the defendant's sentencing range pursuant to Section 1B1.3 of the Sentencing Guidelines.

## OBLIGATIONS OF THE DEFENDANT

2. THE DEFENDANT AGREES:

a.   to plead guilty to Counts 5, 9 and 11 of the Indictment;

b.   LIMITED WAIVER OF APPEAL:

To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack

2

the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except:

(1)   the defendant reserves the right to file a direct appeal of his conviction for the limited purpose of challenging the constitutionality of the statute at issue by claiming that Congress exceeded the scope of its Commerce Clause authority in enacting the statute where, as-applied, the statute's jurisdictional element allowing federal prosecution was the movement in interstate or foreign commerce of the materials used to produce the child pornography at issue;

(2)   the defendant may file a direct appeal of his sentence if (a) it exceeds the statutory maximum; and (b) if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

c.   Will abandon all property seized by law enforcement during the course of the investigation, including computer media.

d.   Agrees to take the necessary steps to make his U.S. Navy retirement funds available for use to pay any ordered restitution to the victims of the offenses of conviction.

3.   **The defendant also understands that in accordance with <u>United States v. Booker</u>, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.**

4. <u>DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER</u>

OBLIGATIONS UNDER THIS AGREEMENT

      a. FACTUAL BASIS

      The defendant admits with regard to the offenses charged in Counts 5, 9 and 11 of the Indictment, that on or about the dates set forth in the chart below, in Camden County and elsewhere within the Southern District of Georgia, the defendant, ANGEL LUIS RIVERA, did use, persuade, induce, entice, and coerce a minor, that is the individuals whose initials are set forth below, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced using material which had been mailed, shipped, or transported across state lines or in foreign commerce, that is one Kodak EasyShare camera made in China, and one 265 megabyte SD-card made in Taiwan; in violation of Title 18, United States Code, Section 2251(a).

      Each of the foregoing admissions is hereby incorporated into each of the following counts as if fully set forth therein:

| Count | Date | Identifying Information About Minor |
|:---:|:---:|:---:|
| 5 | 1/14/2010 | minor female with initials A.E.K. |
| 9 | Between 1/1/07 and 12/26/10 | minor male with initials G.D. |
| 11 | Between 1/1/07 and 12/26/10 | minor female with initials V.R. |

      All done in violation of Title 18, United States Code, Section 2251(a). Defendant agrees that his guilty plea constitutes proof as to those counts.

      The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any



recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

The defendant further advises the Court that the defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court, and that the U.S. Probation Office will consider <u>all</u> of defendant's conduct related to the offenses to which he is pleading, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.

Defendant also understands that by pleading guilty, **defendant will be required to register as a sex offender upon his release from prison** as a condition of his supervised release pursuant to 18 U.S.C. 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

**The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more**

5

**extensive than the defendant has admitted to, the defendant will still have no absolute right**

**to withdraw his guilty plea.**

### b. FINES, ASSESSMENTS, FORFEITURES, AND RESTITUTION

The defendant understands that any assessments imposed pursuant to 18 U.S.C § 3013 by the Court at sentencing must be paid on the date of sentencing.

The defendant further understands that pursuant to 18 U.S.C. § 2259, Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses, as determined by the Court. Defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and (c) as may be proved by the United States or stipulated to by the parties. Defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.

Defendant further understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. Defendant further agrees to comply with any restitution order entered at the time of sentencing. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant agrees to make full restitution for the provable losses caused by defendant's activities. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

8

The defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities.  The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge and belief, and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

c. FOIA AND PRIVACY ACT WAIVER:

The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

5. DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT:

a. The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney

7



on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

b.  The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

c.  The defendant represents to the Court that he has been advised of the nature of

the charges to which the plea of guilty is to be offered, of the maximum possible penalties provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out in paragraph "a" above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The defendant further understands that in entering a plea of guilty, the Court will ask questions about the offenses to which the plea is entered. The defendant understands that he will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against him in a criminal prosecution for perjury or false statement if those answers are not truthful.

6. <u>FAILURE TO COMPLY WITH TERMS OF AGREEMENT</u>

If the defendant at any time fails to comply with any of the terms of this agreement in any way, the government shall be released from its promises herein. This includes, but is not limited to, any attempt by the defendant to obstruct justice, for example, by influencing the testimony of a witness or committing new crimes prior to Defendant's sentencing by the court.

This _29th_ day of _____March_____, 2012.

EDWARD J. TARVER
UNITED STATES ATTORNEY

Nancy C. Greenwood
Assistant United States Attorney
Georgia Bar No. 309179
P.O. Box 2017
Augusta, GA 30903
(706) 826-4520 phone
(706) 724-7728 facsimile

9

I have read the foregoing Plea Agreement, consisting of 10 pages, including this page, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

_____
ANGEL LUIS RIVERA
Defendant

_____
Richard O. Allen, Esq.
Attorney for the Defendant

3/28/12
_____
Date

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT NO. CR 2:11-CR-007 |
| | ) | |
| ANGEL LUIS RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by the defendant be and it is hereby accepted and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

This ____9____ day of ____April____, 2012

_____
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA